# CASES IN CHANCERY.

## DANFORTH vs. G. A. WOODS and others.

## THE SAME vs. M. D. WOODS and BRIGGS.

Where the real estate of the wife, by an ante-nuptial settlement, was conveyed to a trustee for her separate use, free from the control or debts of her intended husband, who was then insolvent, and the trustee, in pursuance of the trust, sold the estate, and loaned the proceeds to a mercantile firm, of which the husband was a partner, and took the note of the firm therefor, payable to himself as trustee; and subsequently directed the firm to invest a part of the amount thus loaned in furniture, for the use of the wife, and the furniture was purchased accordingly for her separate use; *Held*, that the furniture thus purchased was in equity the property of the wife, as cestui que trust, and belonged to the trustee for her use and benefit, and that the same could not be reached by the husband's creditors;

*Held* further, if the money invested in the furniture was to be considered as a loan of so much of the trust estate, to purchase furniture for the husband's own use and benefit, that a subsequent judgment for that amount given to the trustee, under which the furniture was subsequently sold, and bid in by the latter, was founded upon a good and valid consideration; and vested the title of the furniture in the trustee, for the separate use of the wife.

A bill taken as confessed against an absentee, after publication, who does not appear in the suit, is not evidence of any fact as against him, even as to his personal rights.

Where a bill is filed against a trustee jointly with the cestui que trust, and the latter appears and puts in an answer denying the charges in the bill, the suffering the bill to be taken as confessed by the trustee, cannot be permitted to prejudice the rights of the cestui que trust.

If the husband's furniture is sold upon execution against him, and is purchased in by the trustee of the wife, with funds held by him as her separate estate, and the furniture is left with the wife for the purpose of enabling her to have the use of the same, as her separate estate, such possession does not render the sale fraudulent as against the husband's creditors; her possession being the possession of her trustee, and not the possession of the husband.

---

Danforth *v.* Woods.

---

THIS case came originally before the chancellor upon appeal, and the decree of the court below having been reversed, the respondent applied for a rehearing. The facts in the case are sufficiently stated in the opinion of the chancellor.

*J. Rhoades,* for complainant.

*C. Stevens,* for the defendant M. D. Woods.

THE CHANCELLOR. This is an application for a rehearing of the decree of this court, of the 5th of February last, reversing so much of the decree of the late assistant vice chancellor of the first circuit as affects the defendant Margaret D. Woods, or George C. Briggs her trustee; and dismissing the supplemental bill of the complainant with costs. The case was decided in this court upon the argument; and the petition for a rehearing appears to be founded upon a misapprehension of the grounds upon which that decision was based. Although the bill appears to have been taken as confessed, it is not stated whether it was taken as confessed upon a personal service of the subpœna upon the defendant Briggs, or against him as an absentee, or for want of an answer after he had appeared in the cause. But, as he resided in the state of Massachusetts, the presumption is that he was proceeded against as an absentee. So that his suffering the bill to be taken as confessed is not evidence against him of any fact, even as to his personal rights. Again; the neglect of Briggs, the trustee, to answer the bill, even if there was a personal service of the subpœna, could not prejudice the rights of Mrs. Woods, the person for whom he was trustee, and who was herself a party and made a defence to the suit.

This case must, therefore, be decided upon the supplemental bill, and her answer thereto, and upon the testimony which is applicable to the same. From which it appears that the real estate of Mrs. Woods, in Boston, was, by an ante-nuptial settlement, conveyed to the defendant Briggs, as her trustee, for her separate use and support; and free from the control or debts of her intended husband, who was then insolvent. It also appears

that the trustee sold the real estate, and in April, 1839, loaned $1800 of the proceeds thereof to the firm of Woods & Wheelright, of the city of New-York, of which firm the husband was a member, and took from the firm a promissory note payable to him *as trustee*, or to his order, on demand, with interest. Briggs the trustee, afterwards ordered Woods & Wheelright to invest $800 of the fund in furniture for the use of Mrs. Woods. The furniture was purchased, and, as Mrs. Woods claims, it was intended to be for her separate use, and to be held in trust for her; although to give her the use of it, without producing a separation from bed and board between her and her husband, he would necessarily be entitled to the use of it, to a certain extent, jointly with her. If this was intended to be a purchase of the furniture for her separate use, then it was entirely different from the case of *Shirley* v. *Shirley*, (9 *Paige's Rep.* 363.) There the *rents and profits* of the wife's trust estate, which the trustee had paid over to her, were invested by her in the purchase of furniture generally; without any indication of an intent that it was to be kept apart from the property of the husband, as her separate estate, either in the name of the trustee or otherwise. And the court held that those rents and profits, thus rightfully paid over to her and invested in the purchase of furniture, which were mixed up with the furniture of the husband, became the property of the husband. Here, however, it would be a clear breach of trust, on the part of the trustee, to give the husband's creditors the capital of the wife's separate estate, by a purchase of furniture therewith to be held by the husband as his own, without protecting her rights therein. In the late case of *Spencer* v. *Staats*, in the court for the correction of errors, in December, 1842, it was decided that a purchase of furniture with the trust funds of the wife, which were held in trust for her separate use, and leaving the furniture in her possession to enable her to use the same, would not authorize the seizure of the property by an execution against the husband; the intention being to have the property still held for her separate use. Her possession, in such a case, is the possession of her trustee, and not the possession of her husband.

The question was discussed upon the former argument,

whether this furniture was in fact purchased for the separate use of the wife, or was a mere loan to the husband of the $800, to enable him to purchase the furniture for himself. But I then thought, and still think, the decision of that question was not material to the decision of the cause. If the furniture was intended, by the trustee, to be bought and held for the separate use of the wife, in accordance with the trust, then the purchase was a repayment to the trust fund of so much of the money loaned to the firm; and the furniture belonged to the trustee. And the judgment which the husband afterwards confessed to the trustee, including that amount, was fraudulent, or at least, was without consideration, pro tanto. But if that sum was loaned to the husband, either by the firm or by the trustee, to buy furniture for himself, and not to be held for the separate use of the wife, then the whole consideration of the judgment was valid; and there was no fraud in confessing the judgment and having the property bid in under it for the trust estate; as that was a valid mode of giving a preference to the debt due to the trust estate, over other debts due from the husband and his copartner. My own impression is that the furniture, as originally purchased, was intended to be held for the separate use of the wife, under the trust; and that the advice of the lawyer, that the giving of a judgment for the trust moneys and a sale of the property under such judgment was necessary or proper to protect the just and equitable rights of the wife, was wrong. If so, this form of sale under the judgment and execution was a mere nullity, and could not divest her of her right. On the other hand, if the judgment was founded upon a good consideration, the proceeds of the sale belonged to the plaintiff in the judgment; and the furniture being bid in in his name, for the benefit of the trust estate, the mere form of paying the money would not prevent the property from being vested in the trustee, for the benefit of his cestui que trust.

I therefore see no ground to doubt the correctness of the conclusion at which I arrived upon the original argument of this cause, that this furniture, in justice and equity, is the property of the wife, and is held by the trustee for her separate use and

benefit; and that the husband's creditors are not entitled to it, but must seek their remedy against property, if any, in which he and the other defendants in the original bill have some interest. The formal objections to the supplemental bill I did not think necessary to consider. For even if a supplemental bill, instead of an amendment, was the proper method of bringing the wife and her trustee before the court, still, as the decision was in her favor upon the merits, it was proper to dismiss the supplemental bill, and to allow her the costs of her defence to the same; as the complainant thought proper to subject her to that expense after being apprized of the facts.

The motion for a rehearing is, therefore, denied, with fifteen dollars costs.